# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| J. D. CALDWELL,<br><br>            Petitioner,<br><br>   v.<br><br>JO GENTRY, et al.,<br><br>            Respondents. | Case No. 2:17-cv-02529-RFB-CWH<br><br>**ORDER** |

Before the Court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 7), respondents' motion to dismiss (ECF No. 11), petitioner's opposition (ECF No. 16), respondents' reply (ECF No. 17), and petitioner's surreply (ECF No. 22). The Court finds that the petition is untimely, and the Court grants the motion in part.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). See also Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418).

Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386-87 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624.

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

///

For the purposes of this order, the Court will assume that every motion, petition, and notice of appeal that petitioner filed in the state courts after entry of his judgment of conviction qualifies for tolling under 28 U.S.C. § 2244(d)(2). Some of these filings actually do not qualify, and the Court will note them. The Court makes this assumption simply to demonstrate that the petition is untimely under even an interpretation of the law that is unrealistically favorable to petitioner.

On September 27, 2012, the Eighth Judicial District Court of the State of Nevada entered a judgment of conviction in Case No. 10C264596. Ex. 23 (ECF No. 12-24). Petitioner did not appeal.

On September 21, 2012, before the state district court entered the judgment of conviction, petitioner filed a proper-person motion to modify and/or correct an illegal sentence. Ex. 22 (ECF No. 12-23). Petitioner asked the state district court to change his sentence from 10-25 years to 5-12 years. Id. The state district court denied the motion on December 27, 2012. Ex. 26 (ECF No. 12-27). The time to appeal expired on January 28, 2013, because the time otherwise would have expired on a Saturday.

Forty-three (43) days later, on March 12, 2013, petitioner filed a motion for an amended judgment of conviction to include jail time credits. Ex. 29 (ECF No. 12-30). The state district court denied the motion on April 15, 2013. Ex. 32 (ECF No. 12-33). The time to appeal expired on May 15, 2013.

One hundred fifty-five (155) days later, on October 17, 2013, petitioner filed a motion for transcript proceedings of September 19, 2012 proceedings.[1] Ex. 33 (ECF No. 12-34). The state district court denied the motion on November 22, 2013. Ex. 35 (ECF No. 12-36). Petitioner appealed. Ex. 36 (ECF No. 12-37). The Nevada Supreme Court dismissed the appeal on January 21, 2014. Ex. 39 (ECF No. 12-40). Remittitur issued on February 19, 2014. Ex. 40 (ECF No. 13).

---

[1] This motion actually was not a petition for post-conviction or other collateral review. It should not toll the one-year period under § 2244(d)(2). For the purposes of this order, the Court assumes that the motion does toll the period.

3

1   One hundred thirty-one (131) days later, on June 30, 2014, petitioner filed a second
2   motion for an amended judgment of conviction to include jail time credits. Ex. 42 (ECF No. 13-
3   1). On July 3, 2014, petitioner filed a third motion for an amended judgment of conviction to
4   include jail time credits. Ex. 43 (ECF No. 13-2). The state district court denied the motions on
5   August 8, 2014. Ex. 45 (ECF No. 13-4). The time to appeal expired on September 8, 2014.

6   Three (3) days later, on September 11, 2014, petitioner filed a post-conviction habeas
7   corpus petition in state district court.[2] Ex. 46 (ECF No. 13-5). He filed another post-conviction
8   habeas corpus petition, with a supporting memorandum, in state district court on September 24,
9   2014. Ex. 48 (ECF No. 13-7), Ex. 49 (ECF No. 13-8). The state district court denied the petition
10  as untimely under Nev. Rev. Stat. § 34.726(1). Ex. 52 (ECF No. 13-11). Petitioner appealed.
11  Ex. 54 (ECF No. 13-13). The Nevada Court of Appeals affirmed on August 5, 2015. Ex. 62
12  (ECF No. 13-21). The Nevada Court of Appeals denied rehearing. Ex. 68 (ECF No. 13-27). The
13  Nevada Supreme Court denied review. Ex. 73 (ECF No. 13-32). Remittitur issued on December
14  1, 2015. Ex. 74 (ECF No. 13-33).[3]

15  Four hundred ninety-one (491) days later, on April 5, 2017, petitioner filed a notice of
16  appeal. Ex. 76 (ECF No. 13-35).[4] The Nevada Supreme Court dismissed the appeal on July 7,
17  2017. Ex. 79 (ECF No. 13-38). Remittitur issued on August 18, 2017. Ex. 80 (ECF No. 13-39).

18  Thirty-one (31) days later, on September 18, 2017, petitioner effectively commenced this
19  action when he mailed the petition to the Court.

20  The action is untimely. All the times that petitioner had nothing pending in state court
21  from finality of the judgment of conviction to the commencement of this action add up to 854
22  days, well beyond the one-year limit.[5] In truth, the number of non-tolled days is much larger, and

---

[2] This petition would not toll the one-year period under § 2244(d)(2) because it was untimely and not properly filed. For the purposes of this order, the Court assumes that the petition does toll the one-year period.

[3] After petitioner filed the state post-conviction petition, petitioner filed other motions and appeals in the state courts. These motions and appeals concluded before the state post-conviction proceedings ended. Consequently, these motions and appeals have no effect upon the timeliness of the action because the Court assumes that the post-conviction petition tolled the one-year period.

[4] Petitioner was appealing an order denying a motion for credit for time served. Unless he was trying to appeal motions that were denied years earlier, neither the motion nor the order exist in No. 10C264596. This was not a petition for post-conviction or other collateral review, and it should not toll the one-year period under § 2244(d)(2). For the purposes of this order, the Court assumes that the petition does toll the one-year period.

[5] 43+155+131+3+491+31=854.

the expiration of the one-year period is much earlier, because the Court did not count the time spent on the 2013 motion for transcripts, the 2014 untimely state habeas corpus petition, and the 2017 fugitive appeal, none of which actually qualify for tolling under § 2244(d)(2).

Petitioner argues that the Court should grant him equitable tolling, but he does not give any reasons why. In any event, the gap of time between the end of his state post-conviction proceedings and the mailing of the federal habeas corpus petition—more than 1 year and 8 months—shows a lack of diligence that puts an end to any request for equitable tolling.

Petitioner also argues that his sentence structure is a fundamental miscarriage of justice. "A 'fundamental miscarriage of justice' occurs when 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998) (quoting Murray v. Carrier, 477 U.S. 478, 495-96 (1986)). This is a very narrow exception. No court has extended the idea of a fundamental miscarriage of justice beyond a claim of actual innocence. See Boyd, 147 F.3d at 1127. Petitioner does not argue that he is actually innocent. Instead, he argues that the structure of his sentences will require him to spend more than 10 years in prison before becoming eligible for parole.[6] That argument does not fall within the exception for a fundamental miscarriage of justice. Id.

Reasonable jurists would not find the Court's determination on the timeliness of this action to be debatable or wrong. Reasonable jurists also would not find debatable that petitioner

---

[6] On March 27, 2012, the state district court sentenced petitioner in Case 09C252571. Ex. 31, at 2 (ECF No. 12-32, at 3). The state district court gave petitioner credit for time served in pre-conviction custody in Case 09C252571, including the time between September 8, 2010, to March 27, 2012. Id. Case 09C252571 was pending when petitioner was arrested and charged in Case 10C264596. Id. On June 25, 2012, petitioner agreed to plead guilty in three cases: Case 10C264596 and two other cases that petitioner does not challenge in this action. Ex. 18A, at 1 (ECF No. 12-19, at 2). In each of these three cases, petitioner agreed to plead guilty to one count of burglary, to be adjudicated as a habitual criminal under Nev. Rev. Stat. § 207.010(1)(b), and to receive a sentence of 25 years imprisonment with a minimum parole eligibility of 10 years. Id. at 1-2 (ECF No. 12-19, at 2-3). These three sentences were to run concurrently with each other and with the already commenced sentences in Case 09C252571. Id. For Case 10C264596, the state district court gave petitioner credit for time served in pre-conviction custody from April 19, 2010, when he was arrested in Case 10C264596, to May 7, 2010, when he posted bond. Ex. 21, at 6 (ECF No. 12-22, at 7), Ex. 23, at 2 (ECF No. 12-24, at 3), Ex. 31, at 2 (ECF No. 12-32, at 3). The state district court could not give petitioner credit for the time in custody between September 8, 2010, and March 27, 2012, because petitioner was in custody on a prior charge, Case 09C252571. See Nev. Rev. Stat. § 176.055(2)(a). Nevada law "does not require that these concurrent sentences be identical with respect to time served." Gaines v. State, 998 P.2d 166, 170 (Nev. 2000). Consequently, with six sentences being served concurrently, "eligibility for parole from any of the concurrent sentences must be based on the sentence which requires the longest period before the prisoner is eligible for parole." Nev. Rev. Stat. § 213.1213(1). Petitioner will spend more than 10 years in prison before becoming eligible for parole because under state law the starting dates and allowable credits are different for each sentence.

has not presented a valid claim of the denial of a constitutional right, for the reasons stated in footnote 6—namely, the time that Petitioner spent in custody in relation to Case 09C252571 could not be credited to the subsequent sentence in Case 10C264596 under Nev. Rev. Stat. § 176.055(2)(a) ("A defendant who is convicted of a subsequent offense which was committed while the defendant was … [i]n custody on a prior charge is not eligible for any credit on the sentence for the subsequent offense for time the defendant has spent in confinement on the prior charge, unless the charge was dismissed or the defendant was acquitted."). Thus, the Court will not issue a certificate of appealability. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Respondents also argue that the petition is procedurally defaulted because the state habeas corpus petition was untimely under Nev. Rev. Stat. § 34.726(1).[7] The Court does not address this argument because the Court is dismissing the action as untimely.

Respondents have filed a motion to strike the surreply (ECF No. 23). The Court implicitly authorized the surreply when it gave petitioner additional time to file it (ECF No. 21).

IT THEREFORE IS ORDERED that respondents' motion to strike (ECF No. 23) is **DENIED**.

IT FURTHER IS ORDERED that respondents' motion to dismiss (ECF No. 11) is **GRANTED** in part. This action is **DISMISSED** with prejudice because it is untimely. The clerk of the court shall enter judgment accordingly and close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: February 15, 2019.

                                                                   RICHARD F. BOULWARE, II
United States District Judge

---

[7] A claim for presentence credit is a claim challenging the validity of the judgment of conviction and sentence. Griffin v. State, 137 P.3d 1165, 1169 (Nev. 2006). Consequently, the one-year state period of limitation of Nev. Rev. Stat. § 34.726(1) applies to a claim for presentence credit. Id.

6